Date Signed:
October 2, 2015



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>GERTRUDE NGIT WUN UNG,<br><br>                Debtor. | Case No. 13-01881<br>Chapter 13 |
| GARY K. TAKATA, Trustee,<br><br>                Plaintiff,<br><br>     vs.<br><br>GERTRUDE NGIT WUN UNG,<br><br>                Defendant. | Adv. Pro. No. 14-90023<br><br><br><br><br>Rel. Dkt. No. 79 |

## ORDER DENYING EXTENSION OF<br>TIME TO FILE NOTICE OF APPEAL

Defendant Gertrude Ngit Wun Ung seeks additional time to file a notice of appeal. Her attorney claims that he thought the appeal period was thirty days, rather than fourteen. He filed his motion on the thirtieth day after entry of the final order, and then filed a notice of appeal on the thirty-fifth day.

I will deny the motion. The defendant has the burden of proving that her tardiness is the product of "excusable neglect."[1] In determining whether there is "excusable neglect," the court must "tak[e] account of all relevant circumstances concerning the party's omission."[2] These circumstances include "the danger of prejudice to the [appellee], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the [appellant], and whether the [appellant] acted in good faith."[3]

Considering these and other relevant factors, and giving each the weight that seems to me appropriate in this case, I hold that Ms. Ung has not established excusable neglect. The plaintiff's response describes the serious prejudice which the trust beneficiaries are suffering and will continue to suffer due to Ms. Ung's frivolous litigation. The delay is entirely within the control of Ms. Ung's attorney; his misinterpretation of the law is the sole cause of the delay. He would have realized his error if he read the rules or gave the matter any thought. The error would have been instantly obvious to any careful attorney. His excuse is so thin that it is difficult to believe it is made in good faith. Ms. Ung's arguments before me were utterly lacking in merit and her chances of success on appeal are minuscule. The only factor that cuts

---

[1] Fed. R. Bankr. P. 8002(d)(1)(B).

[2] *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993).

[3] *Id.*

U.S. Bankruptcy Court - Hawaii   #14-90023   Dkt # 84   Filed 10/02/15   Page 2 of 3

in Ms. Ung's favor is that the delay is relatively short, but that factor is overwhelmed by the contrary factors.

Therefore, the motion is DENIED.

END OF ORDER